RINGLE et al. v. MATTHIESSEN.

(Supreme Court, Appellate Division, First Department.   November 20, 1896.)

MECHANICS' LIENS—BOND TO DISCHARGE—ACTION ON.

An action against the sureties may be maintained on a bond, given under Laws 1885, c. 342, § 24, subd. 6, to discharge a mechanic's lien, though they were not made parties to foreclosure proceedings begun after the bond was given.  39 N. Y. Supp. 92, affirmed.

Appeal from trial term, New York county.

Action by Jacob Ringle and George Ringle against Francis O. Matthiessen on a bond given to discharge a mechanic's lien.    From a judgment in favor of plaintiffs, entered on the decision of the court, a jury having been waived (39 N. Y. Supp. 92), defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

William G. Wilson, for appellant.
Thomas C. Ennever, for respondents.

WILLIAMS, J.    The action was brought to recover upon a bond, given under the statute, to discharge a mechanic's lien.    After the lien was discharged, the action to foreclose the lien was prosecuted to judgment against the same parties, the sureties upon the bond not having been brought in as parties.    The judgment adjudged that the plaintiffs recover against the defendants the amount of their claim, and that they had a lien against premises described therein for the amount of their claim, but provided that so much of the judgment as declared that the plaintiffs had a lien on the premises was in form only, and was directed and entered for the purpose of enabling plaintiffs to recover upon the bond given to discharge the lien.    That judgment was affirmed, upon appeal, by the general term of the supreme court.    33 N. Y. Supp. 398.    The only question

raised upon this appeal is as to the procedure to enforce the liability of the sureties on the bond. The defendant claims that an action at law could not be maintained, but the only remedy was to bring the sureties into the foreclosure action as defendants, and establish their liability in that action. The trial court held the action at law could be maintained, and ordered judgment accordingly.

This judgment was right. In Morton v. Tucker, 145 N. Y. 248, 40 N. E. 3, the learned judge writing the opinion said:

"The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs, and which was chargeable against the property by virtue of the notice of lien. In other words, the condition was for the payment of any judgment which might have been secured against the property had not the bond been given. The bond, as we have seen, was given to discharge the lien."

This is a very clear statement of the liability of the sureties. The condition of the bond required by the statute, in order to procure a discharge of the lien, was "for the payment of any judgment which may be rendered against the property." This clause ought not to be construed literally, because, when the lien is discharged by the giving of the bond, no judgment can be, in a literal sense, rendered against the property. The meaning clearly was, "for the payment of any amount adjudged to be due and owing, and which would have been adjudged a lien upon the property but for the discharge of such lien before judgment by the giving of the bond." In this case the judgment did adjudge the amount due and owing, and did substantially adjudge that such amount was, before the giving of the bond, a lien upon the property, and would still have been such lien but for the discharge of the lien by the giving of the bond. The bond was, therefore, forfeited, the condition had failed, and the common-law right to recover upon the bond against the sureties was complete. In Morton v. Tucker, above, it was held that, after the giving of the bond, and the consequent discharge of the lien, it was proper in an equity action to bring the sureties in the bond into the case, and a recovery could then be had against them in that form of action, and that it was not necessary to await judgment in the foreclosure action in order to have this remedy in equity against the sureties. The question there arose upon a demurrer by the sureties to the complaint, in such equitable action, and it was only necessary to determine, in that case, that such action could be maintained against the sureties. It was not necessary there to hold that an action in the form and upon the facts appearing in this case could not be maintained, and whatever was said in the opinion to that effect was clearly obiter.

We see no reason why the plaintiffs should not have the same right to maintain a common-law action upon this bond as upon any other bond. While, very likely, the plaintiffs might, if they saw fit to do so, have brought the sureties into this foreclosure action, and have their liability therein determined (the court of appeals, in Morton v. Tucker, held such procedure might be adopted), still it would manifestly be unjust to compel the plaintiffs to adopt such procedure. If compelled to bring the sureties into the action, the

plaintiffs would have .new issues introduced into this foreclosure action,—questions relating to the execution and filing of the bond, and the discharge of the lien (and these issues might be multiplied in case a number of liens, in favor of different parties to the action, were discharged by the giving of different bonds). Moreover, sureties might, when made parties to the action, litigate all the issues therein, though not relating directly to the giving of the bond and the discharge of the lien. And if the sureties must be brought into the action, then so often as such bonds were given, perhaps at several different times, and even down to the time of the completion of the trial, the pleadings would have to be amended, or supplemented pleadings made, and the trial, so far as it had progressed, would, at the election of the new parties brought in, have to be gone over again, because the bringing in of other new parties would not be a matter of favor to them, but a matter of right, and no condition could be imposed, upon bringing them in, that it should be without prejudice to the proceedings already had in the action. We can see no reason for putting plaintiffs in this unfavorable position, because defendants take advantage of the provisions of the statute for their own benefit, and give the bond, and thus discharge the lien.

It can hardly be claimed that no recovery can be had upon the bond, in such an action as the present one, because there can be no failure of the condition of the bond. The legislature never could have intended, by Laws 1885, c. 342, § 24, subd. 6, to take away plaintiff's lien on the property, and substitute in its place a bond the condition of which could never be broken, and a common-law. action upon which could never in any event be maintained. The condition could be broken, and was broken in this case, under a fair and reasonable construction of the provisions of the statute under which the bond was given. The plaintiffs were clearly entitled to recover under the evidence.

The judgment should be affirmed, with costs. All concur.

---

## STEVENSON v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

**INTERPLEADER—CHARACTER OF CONFLICTING CLAIMS.**
In order that a defendant may obtain an order of interpleader (Code Civ. Proc. § 820), he must prove that the claim adverse to plaintiff is well founded.

Appeal from special term, New York county.

