(17 App. Div. 374.)

RINGLE et al. v. MATTHIESSEN.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

MECHANICS' LIENS—BONDS—LIABILITY OF SURETY.

    The surety on a bond given to secure a mechanic's lien is not relieved from liability because the judgment in the foreclosure action did not provide for the enforcement of the lien against the property.

    Appeal from trial term, New York county.

    Action by Jacob Ringle and another against Francis O. Matthiessen to charge defendant as surety on a bond given to discharge a mechanic's lien. From a judgment entered on a verdict directed by the court in favor of plaintiffs, defendant appeals. Affirmed.

    Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

    W. G. Wilson, for appellant.
    E. L. Collier, for respondents.

    PATTERSON, J. The bond sued upon in this action contained the condition that the obligors executing it (of whom the defendant is one) would be jointly and severally liable in case the Wallace Iron Company should fail to "pay any judgment that may be rendered" against certain premises mentioned in said bond, and upon which a mechanic's lien had been filed by the plaintiffs herein; such bond having been given under the statute for the purpose of discharging the lien, and freeing therefrom the property against which that lien was filed. An action to foreclose the lien referred to was begun, and judgment was finally entered therein by which it was adjudged that the lienors acquired a valid mechanic's lien upon and against the land and premises referred to; that it was a valid and continuing lien against such land and premises until it was discharged by the filing of a bond (being the same bond as that upon which this action is brought). It is now objected by the defendant that he is not liable upon this bond, because the judgment entered in the foreclosure action does not contain any provision for the enforcement of the lien against the property; that that judgment merely declares that the lien was a valid lien, discharged by the giving of the bond; that, the bond being conditioned only for the payment of "any judgment that may be rendered against said property in any proceeding to enforce the foregoing lien," the condition of the bond differs from the provision of the judgment, and therefore there is no liability on the surety's contract. The point is not a new one in this court, and is not well taken. It involves simply the question of the construction of the condition of the bond, and that construction was given by this court in the case of Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962. It is only necessary to repeat here what was declared in that case, viz. that, if the construction contended for by the defendant were to be maintained, the lien of the plaintiffs would be destroyed, and in its place be substituted a bond, the condition of which could never be broken, because after the giving of the bond no judgment can

ever be rendered against the property itself.    Therefore, to repeat again what was said in Morton v. Tucker, 145 N. Y. 248, 40 N. E. 3:

"The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs, and which was chargeable against the property by virtue of their notice of the lien.    In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given."

The judgment appealed from must be affirmed, with costs.    All concur.

(17 App. Div. 405.)

### HARRELL v. BONFILS IMP. CO.

(Supreme Court, Appellate Division, First Department.    May 7, 1897.)

PLEADING AND PROOF—ADMISSIBILITY OF EVIDENCE.

The complaint in an action for brokers' commissions alleged that plaintiff performed services of a specified value in obtaining tenants for defendant's store.    The answer denied the value of the services, and denied the allegations contained in certain paragraphs of the complaint, but did not contain a general denial.    *Held*, that defendant could not show, under such pleadings, that plaintiff was also employed by the tenants.

Appeal from trial term, New York county.

