(25 Misc. Rep. 274.)

MATHIASEN v. SHANNON et al.

(Supreme Court, Special Term, New York County.  November, 1898.)

1. MECHANICS' LIENS—DISCHARGE ON BOND—CONSTRUCTION OF STATUTE.
   In Laws 1897, c. 418, § 18, subd. 4, providing for the discharge of a mechanic's lien by the owner's executing "an undertaking," etc., and afterwards referring to such security as a "bond or undertaking," the terms "undertaking" and "bond" are used synonymously.
2. SAME—SURETIES—ESTOPPEL TO DENY LIABILITY.
   Where a bond was executed to procure the discharge of a mechanic's lien, as provided by Laws 1897, c. 418, § 18, subd. 4, and the court dis-

charged the lien on the faith thereof, the sureties are estopped from questioning the validity of the bond.

3. SAME—PLEADING—PERSONAL JUDGMENT.

Where a complaint to foreclose a mechanic's lien contains all the allegations necessary to authorize a personal judgment against defendant sureties on a bond given to discharge the lien, and asks for judgment according to the law of the case and for further relief, defendants are sufficiently apprised that a personal judgment is to be demanded.

4. SAME—HARMLESS ERROR.

Where defendant sureties on a bond given to discharge a mechanic's lien were heard on the question whether a personal judgment was to be had against them, in an action to foreclose the lien, they were not prejudiced by plaintiff's failure to expressly demand a personal judgment.

5. SAME—LIABILITY OF SURETIES—HOW ESTABLISHED.

Under Laws 1897, c. 418, providing for the filing and enforcement of mechanics' liens, the lien need not be foreclosed and a judgment obtained against the property before bringing suit against sureties in the bond given under section 18, subd. 4, to discharge such lien. The liability of the sureties may be determined in the action to establish and foreclose the lien.

Action by Karl Mathiasen against George J. Shannon and others to foreclose a mechanic's lien. Decision in favor of plaintiff.

Phillips & Avery, for plaintiff.
J. Baldwin Hands, for defendants.

LAUGHLIN, J. It is conceded that plaintiff had a valid mechanic's lien against the premises described in the complaint, for the sum of $4,860 and interest thereon, for material furnished and work performed in the construction of a private building. After the commencement of this action, such lien was discharged by an order of this court, a bond having been given with sureties in a sum fixed by the court, pursuant to the statute, and the sureties were brought in as parties defendant. The sureties now contend that the security is in the form of a bond, and not an undertaking, as required by the statute, and is void. Subdivision 4, § 18, c. 418, Laws 1897, being the statute on the subject, uses the terms "undertaking" and "bond" synonymously. I think that the security is in the form of both a bond and an undertaking, and that it substantially complies with the requirements of the law. The document having been executed for the purpose of procuring a discharge of the lien under the statute, and having been treated as valid and effectual for that purpose, and the court having discharged the lien on the faith thereof, the sureties are now estopped from preventing its enforcement for the protection of the rights of the plaintiff which were secured to him by the lien. Sheffield v. Murray, 80 Hun, 555, 30 N. Y. Supp. 799; Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Miller v. Youmans, 13 Misc. Rep. 59, 34 N. Y. Supp. 140; Id., 153 N. Y. 653, 47 N. E. 1109.

The sureties also contend that no judgment can be rendered against them personally, because the complaint contains no specific demand for such relief. All of the facts necessary to authorize such a judgment are sufficiently alleged and admitted. It would have been better practice to have expressly demanded a personal judgment against the sureties, but the demand for relief shows that, the bond having

been discharged, the plaintiff desires judgment according to the law of the case, and the complaint contains a general prayer for other and further relief.    I think that the sureties were sufficiently apprised that a personal judgment was to be demanded against them, and, in any event, they, having appeared upon the trial, and having been heard upon the question, cannot be prejudiced by the plaintiff's failure to expressly demand judgment against them.

The sureties further contend that the lien should have been foreclosed, and a judgment obtained against the property, before bringing suit against them.    Under the former mechanic's lien law (chapter 342, Laws 1885, as amended), it was well settled that the sureties in such case might be made parties to the foreclosure action, and that the decision should establish the validity of the lien, and determine that, but for the filing of the bond, the plaintiff would have been entitled to a foreclosure thereof, and that, on account of the filing of the bond, he is entitled to personal judgment against the sureties for the amount for which he had a lien, and interest.    Terra Cotta Co. v. Doyle, 133 N. Y. 603, 30 N. E. 1010; Morton v. Tucker, 145 N. Y. 245, 40 N. E. 3; Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962; Id., 17 App. Div. 374, 45 N. Y. Supp. 226; Scherrer v. Music Hall Co. (Com. Pl.) 18 N. Y. Supp. 459.    I am unable to discover any material change affecting that question made by chapter 49 of the General Laws, being the new lien law of 1897, and consequently these decisions still regulate the practice.

The plaintiff's attorneys may prepare a decision, and, if the same be not stipulated as to form by defendants' attorney, it will be settled by me on two days' notice.