(27 Misc. Rep. 425.)

## PIERSON v. JACKMAN et al.

(Supreme Court, Special Term, New York County. May, 1899.)

1. MECHANIC'S LIEN—PUBLIC IMPROVEMENT—ACTION ON BOND.
    In an action on a bond given to discharge a lien for material furnished for a public improvement, under Consol. Act (Laws 1882, c. 410) §§ 1825, 1834, 1836, which provide that any person furnishing any material or labor to any contractor for use by him in carrying on a contract with the city of New York may have a lien for the contract price, or the value thereof, upon all sums due to such contractor from the city for the performance of such contract, upon giving notice of his claim of lien to the comptroller, and the head of the department under which the work is performed, the claimant must allege and prove the performance of his contract with the contractor, but need not allege and prove the performance of the contractor's obligation to the city.

2. SAME—NOTICE OF LIEN—MATERIAL NOT CONTRACTED FOR.
    Plaintiff included in his notice of claim of lien material not contracted for or used in the performance of the contract against which he sought to establish his lien. Held, in the absence of bad faith or intentional false swearing, that it did not invalidate the lien as to material actually contracted for and used.

Action on a lien bond by Arthur N. Pierson against John Jackman and others. Judgment for plaintiff.

Phillips & Avery (Frank M. Avery, of counsel), for plaintiff.
Stephen S. Marshall, for defendants.

BOOKSTAVER, J. This is an action brought against the defendant Jackman, as contractor, and against the other two defendants, as sureties upon a bond given to discharge a lien for a public improvement. It is not disputed by the defendants that the case falls under section 1836 of the consolidation act, which section is retained under the new charter, and the bond was given in conformity to the requirements of that section; that is to say, it was conditioned for the payment "of any judgment in an action upon the claim or demand" specified in the notice of lien against the person or persons from whom the amount set forth in the notice of lien shall be claimed to be due or to grow due. There is a broad distinction, and a good reason for that distinction, between the bond required to discharge a lien upon private property and a lien upon moneys due, or to become due, a contractor for doing public work. The former is given by the owner to free his property from the incumbrance, and therefore is conditioned for "the payment of any judgment which may be rendered against the property for the enforcement of the lien." The latter is given by the contractor in order to free himself from the embarrassment of the lien, and therefore is conditioned for the payment of any judgment in an action against him upon the claim or demand. In the former case the contractor may be, and yet the property not be, liable. In the latter case, if the contractor is liable, the claimant is entitled to payment out of the fund, if any, or out of the bond which is given to discharge the lien against that fund, or anticipated fund. After the bond has been given, there remains only the question of the

liability of the contractor to the claimant, but no question of the liability of the city to the contractor. The claimant has only to show the performance of his obligations to the contractor, and is not called upon, in addition, to prove the performance of the contractor's obligations to the city. The lien itself is, very properly, restricted to the moneys due or to grow due under the contract. Section 1834. To require anything further would be obviously unjust to the city. But if the contractor, for reasons sufficient to himself, sees fit to free his relations with the city of the incumbance of this lien, no hardship is apparent in requiring him to furnish an undertaking that the claimant shall be paid any amount found due on the claim, irrespective of whether any amount is due, or ever becomes due, the contractor from the city. The statute does not allow, and ought not to allow, a contractor who may default in his obligations to the city, or has failed to comply with the technical requirements of his contract, to take advantage of that fact, to the detriment of one who has fully performed his obligations to the contractor. But, in my judgment, the plaintiff in this action can only recover for such materials as were furnished to the contractor, and used in the execution and completion of the contract with the municipality of Tottenville. Consol. Act, § 1825. The contract does not seem to call for the six-inch pipe furnished by the plaintiff, nor does it appear from the evidence that it was so used in the completion of that contract, and therefore it should be excluded from the amount claimed in this action. I do not think that this in any way invalidates the lien, as there can be no question about the lien being filed in good faith for the full amount, and there certainly was no willful or intentionally false statement therein. But it is claimed that the plaintiff was obliged to have his drain pipe inspected by the engineer of the Tottenville sewer; that is, the engineer in the employ of the Tottenville corporation. This claim might possibly be taken advantage of by the corporation, but cannot by the defendants in this action, for the reasons above given. From the nature of the materials furnished, it seems to me it was necessary to accept or reject it at the time of delivery, and it seems to have been accepted. Certainly, the plaintiff was under no obligation, contractual or otherwise, to procure the attendance of the municipal engineer each time a scow load or a car load of drain pipe was delivered, and obtain his certificate in approval of it. I do not think that the testimony submitted to me establishes the fact that Dixon, at the time of ordering this pipe, was in the employ of the plaintiff, but, on the contrary, that, at the time, he was acting for and on behalf of the defendant Jackman.

Judgment should therefore be for the plaintiff for the sum of $1,206.67, being the amount of the lien, less the $170 for the six-inch sewer pipe, with interest.