(28 Misc. Rep. 50.)

### BREWSTER v. McLAUGHLIN et al.

(Supreme Court, Special Term, New York County. June 27, 1899.)

MECHANICS' LIENS—PARTIES—DISCHARGE BOND—SURETIES—SUMMONS.

Where, in foreclosure of a mechanic's lien, the owner, contractor, other lienors, and the sureties on the bond to discharge the lien, who are also sureties on the bond to discharge the lien of the other lienors, are made parties, but the sureties have not yet been served, and the other lienors demand affirmative relief against the sureties, and object to striking them from the summons, this will not be done, though plaintiff lienor has changed his mind, and decided not to proceed against the sureties.

Foreclosure of mechanic's lien by Francis C. Brewster against Josephine B. McLaughlin and others. Motion to strike two defendants from the summons refused.

H. B. Wesselman, for the motion.

A. R. Latson, opposed.

GILDERSLEEVE, J. The action is to foreclose a mechanic's lien. The owner, the contractor, two other lienors, who have filed their liens against the same property, and the two sureties on the bond given to discharge the lien, are made parties defendant. The two sureties herein are the same sureties given on the bond to discharge the lien of the defendant lienors against the same property. These sureties have not yet been served with the summons, and have not appeared in the action. The plaintiff has, however, changed his mind, and makes this motion to strike out the names of these sureties from the summons. The other defendants have duly appeared in the action, and the defendant lienors claim affirmative relief against the owner, the contractor, and the two sureties. These defendant lienors object to the striking out of the sureties from the

summons, for the reason that all the issues can be determined in the present action, and there is no necessity for a multiplicity of actions, or for separate actions against the owner and contractor and against the sureties. It is well settled that the better practice in these cases is to bring an action in equity, and make all persons interested, including the sureties, parties thereto, as it is not necessary for the plaintiff to first exhaust his remedy against the owner by recovering a judgment of foreclosure in form against the property described in the notice of lien. See Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3; Mathiasen v. Shannon, 25 Misc. Rep. 276, 54 N. Y. Supp. 305. It is true that it has been held in Ringle v. Matthiessen, 10 App. Div. 275, 41 N. Y. Supp. 962, affirmed, without opinion, in 158 N. Y. 740, 53 N. E. 1131, that an action against the sureties could be maintained where the action to foreclose the lien had already been prosecuted to judgment against the original parties, after the lien had been discharged by a bond, and without having made the sureties parties to the action. It was there decided that the plaintiff was not obliged to bring the sureties into his first action of foreclosure. In the case at bar, however, the plaintiff has already begun his action with the sureties as parties defendant, and the defendant lienors, as we have seen, desire to have all the issues determined in one action, as can be done, and thus avoid a multiplicity of separate actions. They, as I have said, claim affirmative relief against the sureties, who are also the sureties on the bond given to discharge their lien against the same property, and they desire a personal judgment against the sureties, as well as against the owner and the contractor. I am inclined to the opinion that, although the plaintiff was at liberty to bring his actions separately, had he so elected to do, still, having brought it against all the parties interested, it is now too late for him to change his procedure in face of the objection of two of the defendants, who claim affirmative relief against the other defendants, including the ones whom plaintiff seeks to strike out of the summons.

The motion should be denied, but without costs. Settle order on notice.