(29 Misc. Rep. 504.)

McDONALD v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. November, 1899.)

1. MUNICIPAL CORPORATIONS—LIEN—MATERIAL FURNISHED FOR PUBLIC IMPROVEMENT.

Under New York City Consolidation Act (Laws 1882, c. 410) §§ 1824, 1825, requiring a person furnishing material to a city contractor for public work, and desiring a lien therefor on money due the contractor, to give notice thereof, verified by the claimant's oath, a notice verified only by the oath of the claimant's agent is insufficient.

2. SAME—EQUITABLE LIEN.

Where one having a contract for public work in New York City agreed that the city might retain from the moneys due on the contract any amount due for materials furnished by others and remaining unpaid, and the amount of any lien obtained under Laws 1882, c. 410, authorizing liens for materials furnished for public work, and declaring that amounts so retained should be held until the lien created should be discharged pursuant to law, there is no lien, equitable or otherwise, on such funds in the hands of the city where the material man fails to give the notice required.

3. SAME—ACTION—PERSONAL JUDGMENT.

Where an action is brought by one furnishing material to a contractor for public city work, for the enforcement of a lien against money due the contractor, and he files a notice of pendency of the suit as required by Consolidation Act (Laws 1882, c. 410) § 1827, for the enforcement of the statutory lien, a personal judgment cannot be rendered for the material furnished, as the proceeding is a statutory proceeding in rem.

4. SAME.

Code Civ. Proc. § 3400, providing that a lien for materials furnished for public city improvement may be enforced against the funds of the corporation applicable to such improvement; and section 3412 providing that, if the lienor fail to establish a valid lien in an action to enforce the same, he may recover what is due him against any party to the action,— does not apply to cases where material was furnished for public improvements in New York City before the passage of Laws 1899, c. 195, which repealed the consolidation act, specially regulating that subject, and which made sections 3400 and 3412 applicable to said city, as such application would be giving such sections a retroactive effect.

Action by John B. McDonald against the mayor of the city of New York and others. Judgment for defendants.

James A. Dunn, for plaintiff.
James Kearney, for defendant Moran.
Wolf, Kohn & Ullman, for defendant Collins.
John Whalen, Corp. Counsel, for the city.

BEEKMAN, J.   On the 29th day of July, 1895, the defendant Charles W. Collins entered into a contract with the city of New York for regulating a portion of Jerome avenue.   As considerable filling was required for the work, Collins made a contract with the plaintiff, bearing date December 2, 1895, under which the latter agreed to sell and deliver to him 40,000 cubic yards of filling, and as much more as might be required, at the rate of 25 cents per yard.   The material thus called for was supplied by the plaintiff, but a dispute has arisen with respect to the amount, and consequently as to the extent of Collins' indebtedness to the plaintiff.   On March 6, 1897, the latter, claiming to be entitled to receive the sum of $6,086.49, filed a notice of lien therefor upon the moneys due from the city to Collins, and this action has been brought to enforce said lien.   The notice of lien is signed "John B. McDonald, by Pierre W. Briggs," and is verified by Mr. Briggs, who swears "that he is the agent of John B. McDonald, the claimant mentioned in the foregoing claim, and that the statements therein contained are true to his own knowledge or information and belief."   It is contended that the lien is void because not verified in the manner required by law in such cases. Sections 1824 to 1838 of chapter 410, Laws 1882, known as the "New York City Consolidation Act," relate to such liens, and were in full force at the time the notice in question was filed.   Section 1825 prescribes what the notice of lien shall contain, and requires it to be verified by the oath or affirmation of the claimant.   It is evident that the verification in the case at bar is insufficient.   The oath of an agent is in no sense whatsoever that of his principal.   It is an act which, from the nature of the case, is purely personal, and, when required to be done, its performance cannot be delegated to another. The object of the statute was to fasten upon the claimant individually the entire responsibility for the facts stated in the notice, which would be defeated if the verification by another should be accepted. The notice of lien in question must be treated, then, as unverified, and as this involves a substantial failure to comply with the statute, it follows that no lien was acquired by the plaintiff upon the moneys in question, for section 1824 conditions the lien upon a compliance with the provisions of section 1825.   Conklin v. Wood, 3 E. D. Smith, 662; Keogh v. Main, 50 N. Y. Super. Ct. 183; Furniture Co. v. Squier, 2 Misc. Rep. 438, 21 N. Y. Supp. 972.

It is claimed, however, that, assuming the lien to be worthless as a statutory one, the plaintiff may still recover by virtue of certain provisions contained in the contract between Collins and the city. It is there provided that the city may retain from the moneys due to the contractor the amount of any lien obtained under the statute, together with the costs of any action or actions brought to enforce the same, to be held until the lien thereon created by the statute and the filing of the notice shall be discharged, pursuant to the provisions of said act.   Following this is a stipulation on the part of the contractor that he will furnish the commissioner, through whom the contract was made, with satisfactory evidence that all persons who have done work or furnished materials under the contract, "and who may have given written notice to the said commissioner, at any time within ten

days after the completion of the work aforesaid, that any balance for such work or materials is still due and unpaid, have been fully paid or satisfactorily secured such balance. And in case such evidence be not furnished, as aforesaid, such amounts as may be necessary to meet the claims of the persons aforesaid shall be retained from any moneys due the said party of the second part, under this agreement, until the liabilities aforesaid shall be fully discharged or secured, or such notice be withdrawn." It has been held that while the city, under such an agreement, assumes no express liability to pay the laborers and material men, and cannot be sued upon such a liability, "it is placed under an implied obligation to hold the money as trustee according to the terms and effect of the contract, which can be enforced in an action to which all persons interested in the money are made parties." Merchants' & Traders' Nat. Bank v. Mayor, etc., of City of New York, 97 N. Y. 355, 362; Bank v. Winant, 123 N. Y. 265, 272, 25 N. E. 262. But in Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033, the court refused to give the same construction to a somewhat similar provision in a contract between private parties, and distinguished the cases of Merchants' & Traders' Bank v. Mayor and Bank v. Winant, in the following words:

"The distinction between those cases and the cases where the contract is between private parties is marked; for in the latter a lien could be acquired which would be binding upon the owner, and therefore the presence of a clause in the contract dispensing the owner from the obligation of payment, if there were liens on the building, is only for his relief and protection."

Attention is particularly called by the court to the fact that at the time the contracts which were under consideration in the last-mentioned cases were made there was no lien law relating to work done and materials furnished on public work in cities, and this is apparently given as the foundation or reason for the construction of the stipulation under consideration which was adopted by the court. These cases, then, seem to rest upon a reason and a condition which no longer exist. The state has now provided a complete and comprehensive scheme covering the entire subject of liens upon city moneys and the manner of their enforcement. The entire fund, or so much as may be necessary, becomes the subject of distribution among all the lienors who have acquired liens in the manner pointed out by the statute, according to their priority, and in the manner therein prescribed. Consolidation Act, § 1832. Without further discussion of the matter, I think it is quite plain that there are difficulties in reconciling the co-existence of a lien under the statute with an equitable lien under the contract, which go far to support the conclusion that statute alone should now be regarded as the only foundation for such a claim as that which the plaintiff asserts upon the moneys in question. That the plaintiff has brought his action in pursuance of the lien law applicable to the city of New York in such cases is manifest. He has filed a notice of the pendency of this action with the comptroller, as required by section 1827 of the consolidation act, and his complaint is replete with statements referring to the lien law as the basis of his claim. Although the contract with the city refers to the lien law of 1878, and the complaint mentions the same statute

.as the one pursuant to which the lien was filed, the reference should have been to the consolidation act. This, however, is a mere inaccuracy of statement of no material consequence. His procedure under .der the provisions of the statute advised the city that he was proceeding thereunder, and it was accordingly justified in accepting, as its .answer shows that it did, the undertaking which was given and filed under the provisions of section 1836 of the consolidation act as a .discharge of the lien. It follows, then, that as the lien was void this action cannot be maintained unless, as the plaintiff contends, it may be continued for the purpose of awarding a personal judgment .against the defendant Collins for whatever amount may be found to be due to the plaintiff under the contract between them. In the absence of statutory authority, however, this may not be done, under :the circumstances existing here. Burroughs v. Tostevan, 75 N. Y. 567; Weyer v. Beach, 79 N. Y. 409. In the case last cited, Judge Rapallo, giving the opinion of the court, says (page 412):

"This point has several times been decided by this court. The proceeding is :statutory, and can only be resorted to in a case falling within the statute; .that is, where a mechanic's lien exists. The main object of the proceeding is .to enforce the lien, and the power to render a personal judgment is merely incidental to the main purpose, and to avoid the necessity of resorting to a :separate action. But where no lien exists this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between .parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the proper common-law .action."

The case of Glacius v. Black, 50 N. Y. 145; Id., 67 N. Y. 563,—is .distinguished on the ground that there the lien was a valid one when the action was begun, but expired by lapse of time during its pend- .ency. It was doubtless by reason of this decision that the mechanic's lien law was subsequently amended so as to permit such a recovery .notwithstanding the invalidity of the lien. No such provision, however, can be found in the sections of the consolidation act under which .the lien in question is sought to be enforced. Section 1831 provides .that the court shall determine the validity of the lien, the amount .due from the city to its contractor, the amounts due from the con- .tractor to the claimants, and shall render judgment directing the payment by the city of the money so found to be due from it to those -"whose claims or liens it shall hold to be valid and just," in the order .of their priority. Section 1835 provides that "nothing contained in .this title shall be construed to impair or affect the right of any per- .son to whom any debt may be due for work done or materials fur- .nished to maintain a personal action to recover such debt against the :person liable therefor." It is thus apparent that the case at bar .comes directly within the principle established in the case of Weyer v. Beach, supra. The action to enforce the lien is purely in rem, and there can be no judgment in favor of the claimant which is not based upon an adjudication that he had acquired a valid lien upon the fund. It follows that the court cannot in this case, after find- ing that the lien was invalid, award any other judgment than one dismissing the complaint. At the time the lien in question was filed, .namely, March 6, 1897, and at the time this action was brought, the

provisions of the consolidation act above alluded to were in full force and effect, and continued to be operative until they were expressly repealed by chapter 195, Laws 1899, passed April 1, 1899, a few days before the trial of this action. The effect of such repeal was to bring the city of New York under the operation of the general lien law (chapter 418, Laws 1897), and chapter 419, Laws 1897, amending the Code of Civil Procedure, which together regulated the subject-matter of such liens and their enforcement. Among the additions thus made to the Code is section 3400, which provides that a lien for labor done or materials furnished for a public improvement may be enforced against the funds of the municipal corporation for which such public improvement is constructed, "to the extent prescribed in article 1 of the lien law, and against the contractor or subcontractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property." Another section (3412) provides that "if the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action." Doubtless, in the case of a lien against a public improvement filed under the lien law of 1897, the sections above referred to would authorize the court to render a personal judgment against defendants liable for the claim; but the lien in this case was filed under the provisions of the consolidation act, and this action was brought under the authority and subject to the limitations of such provisions. When the action was commenced, such a result as a personal judgment against any of the defendants was not possible; nor, where the lien was found to be invalid under the circumstances existing here, could any adjudication upon the merits of the claim be either necessary or proper; so that to hold that section 3412 of the Code, supra, became applicable to this case when the provisions of the consolidation act on the subject were repealed, would be virtually giving a retroactive effect to the section, to the extent of injecting into a suit, which had been commenced long before it became applicable to such actions in this city, another cause of action. I am satisfied that such a construction of the statute is quite inadmissible. From what has been said, it follows that there must be judgment for the defendants, dismissing the complaint, with costs to the defendants Collins and Moran.

Judgment for defendants, dismissing complaint, with costs.