(81 App. Div. 105.)

## KANE et al. v. HUTKOFF et al.

(Supreme Court, Appellate Division, First Department.  March 20, 1903.)

1. MECHANICS' LIENS—NOTICE—NAMES AND PLACE OF RESIDENCE.
   Lien Law, § 9 (Laws 1897, p. 518, c. 418), requiring the notice of lien to contain the name and residence of the lienors, is not satisfied by giving their firm name and place of business.

2. SAME—VERIFICATION.
   Lien Law, § 10 (Laws 1897, p. 519, c. 418), requiring the notice of lien to be verified by the lienor or his agent, to the effect that the statements therein are true to his knowledge, except as to matters on information and belief, and as to these that he believes them to be true, is not satisfied by an attempted verification by a partnership.

3. SAME—PERSONAL JUDGMENT—PLEADING AND PROOF.
   Code Civ. Proc. § 3412, provides that, if the lienor fail to establish a lien in an action to foreclose one, he may have judgment therein for such sum as is due him, or which he might recover in an action on contract, against any party to the action; and section 3399 provides that a mechanic's lien may be enforced against the property, and against a person liable for the debt on which the lien is founded, by an action in a court having jurisdiction in an action on contract for the amount.  *Held* that, in an action to enforce a lien, on the ground of a contract with the contractor, and an amount due from the owner to the contractor, there being no allegation of a contract between plaintiff and the owner, plaintiff cannot, it appearing nothing was due from the owner to the contractor, show a contract between him and the owner, and thereon have a personal judgment against him. ·

Appeal from Special Term, New York County.

Action by Martin Kane and others, partners doing business as M. Kane & Son, against Nathan Hutkoff and others.  From a judgment for plaintiffs, on a decision of the court, defendant Hutkoff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Fred. E. Perham, for appellant.

Martin H. Murphy, for respondents.

INGRAHAM, J.  The action was brought to foreclose a mechanic's lien.  The complaint alleges that defendant Hutkoff made a contract with the defendant Berwick, whereby Berwick agreed to construct a cellar and to furnish and provide all the necessary materials therefor in the dwelling house on the premises of Hutkoff before described; that Berwick was to be paid by Hutkoff in installments as the work progressed, and the balance upon completion of contract; that at the time the notice of lien was filed Berwick had performed part of the conditions of said contract, and so far completed same as to become entitled to a payment on said contract, and there was then due and owing to said Berwick from Hutkoff a sum in excess of the amount of plaintiff's claim.  There is no allegation of a contract between plaintiff and Hutkoff, or that Hutkoff had promised to pay plaintiff for the materials furnished, nor does the complaint demand a personal judgment against Hutkoff.  The plaintiff testified as to his contract with Berwick; that he refused to deliver Berwick's order unless the owner would go security for the money;

that after a small portion had been delivered Hutkoff told plaintiff to drive all the materials there that Berwick wanted, and to get an order from Berwick so that he (Hutkoff) would know what materials went on the job, and that he (Hutkoff) would be responsible for it and would pay for the materials furnished; that he had no other conversation with Hutkoff with respect to payment of these goods, but he subsequently got an order from Berwick which was dated November 18, 1898, and was as follows:

"Mr. Nathan Hutkoff: Please pay to M. Kane & Son one hundred and thirty-one $35/100$ dollars, and charge same to my account. $131.$35/100$.
                                                        "E. F. Berwick."

That this order was presented to Hutkoff, but he refused to recognize or honor it; that when this order was presented to Hutkoff he said that he did not know anything about it at that time—he did not know whether the work was finished, and he would have to look into it; that at a subsequent demand for the payment of this order Hutkoff stated that the cellar had not been completed to his satisfaction. The defendant denied that he had any conversation with the plaintiff until after the materials were delivered, or that he ever agreed to pay the bill or to be responsible for it; that when the order was presented he said he would not accept any order unless the work was done according to the contract; that if Berwick did that work so as to make the cellar water-tight he would accept the order; that when the order was presented he refused to accept it because the work was not done, and Berwick had run away, and that he would not pay anything until the work was completed; that he had paid Berwick more than he was entitled to; that after Berwick left and abandoned the work there was water in the premises all the time; that at the time of the trial there was water coming up through the floor of the cellar; that the building was substantially completed before this contract with Berwick was made, and this contract related solely to the cellar and was for the purpose of making it water-tight; that Berwick abandoned the contract in November, and that water was coming in the cellar from under the foundation, under the concrete; that the cellar is not water-tight and never has been water-tight; that Berwick never finished the work, never completed his contract, and never made a water-tight cellar; and that, after Berwick abandoned the work, the water in the cellar was at times a half or three-quarters of a foot deep, and that at times it became two feet deep, and that the cellar cannot be used for that reason.

The architect in charge of the building testified that the cellar was not properly constructed so as to be water-tight; that the lining should have been laid in Portland cement, but was laid in Rosendale cement, which is inferior; that the four-inch brick base was not properly built, or in a first-class manner; that after it was built it fell down, and Berwick did not rebuild it; that the top of the brick base was left out, and there was no cement finish to the top of the brick base; that the concrete was not properly prepared, but contained too much sand, and that the effect of that was that it was not hard; that it was soft and easily washed out by water; that there was always water in the cellar that came from holes in the

tar paper; that it came from beneath through the floor; that, in order to make a water-proof cellar floor, the whole thing would have to be ripped out and made new; that the cost of that would be about $1,400; and that at no time since its completion had there been a dry cellar.

The contract with Berwick was proved. It was in the form of a letter to Hutkoff, by which Berwick agreed to furnish the necessary material and labor and lay the concrete water-proof floors and arrieres for Hutkoff's building, at the southwest corner of Water and Rutger streets. There were to be two inches concrete of Portland cement, and on top of this six layers of tar paper, well cemented together, with hot asphaltic cement, and coated on top with same material. The water-proofing was to be turned up on the walls of buildings and of area walls two feet. On top of this concrete was to be laid eight inches thick, troweled smooth, for finish floor. A four-inch brick base was to be built against all walls as high as water-proofing went, and the work was to be done according to the specifications, and guaranteed to be perfectly water-tight for five years. There was to be paid $500 when the work was completed, and $250 60 days after completion. The complaint did not allege that the contract had been completed, and the evidence established that it was never completed according to its terms, and that under the contract there was nothing due to Berwick from Hutkoff. When the plaintiff attempted to prove his contract with Hutkoff the testimony was objected to as not within the allegation of the complaint, the objection was overruled, and the defendant excepted.

The lien that was filed, and under which the plaintiff's cause of action is based, fails to comply with the provisions of the lien law. By section 9 of the lien law (chapter 418, p. 518, Laws 1897) the notice of lien must contain the name and residence of the lienors. In this lien the name and residence of the lienors are stated as "M. Kane & Son, 39 Perry Street." M. Kane & Son was a copartnership consisting of the plaintiffs. The names of the copartners were not specified; nor does it appear that their residence was specified, the address given being the place of business of the copartnership.

Section 10 of the lien law (chapter 418, p. 519, Laws 1897) provides that the notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. There is annexed to this lien what purports to be a verification, which is as follows:

"* * * Being duly sworn, says that he is M. Kane & Son, the lienors mentioned in the foregoing notice of lien; that he has read the said notice, and knows the contents thereof; and that the statements therein contained are true to their knowledge, except as to the matter therein stated to be alleged on information and belief, and that as to those matters they believe it to be true.                                    M. Kane & Son."

—To which is attached the signature of a notary public. It is quite clear that this is not a verification of the notice of lien. No person is described as being sworn and no person signs the verification. It

does not appear upon the face of the instrument who it was that veri-
fied the notice. No one could be held for perjury if the notice of lien
was untrue. M. Kane & Son, being a copartnership, could not verify
the notice. The statute requires that it should be done by the lienor
or his agent, and the provision of the statute was not therefore com-
plied with.

It also appears from the evidence that the cause of action as set
out in the complaint was entirely unproved. On the contrary, it
was proved without substantial contradiction that the contractor with
whom the plaintiff had contracted, and to whom the plaintiff had fur-
nished materials, had never completed the work, never complied with
the contract, and had never become entitled to any payment under it,
and that when the lien was filed the owner of the property owed
Berwick nothing.

The plaintiff, however, claims to be entitled to recover a personal
judgment against Hutkoff under section 3412 of the Code of Civil
Procedure. That section provides that:

"If the lienor shall fail, for any reason, to establish a valid lien in an action
under the provisions of this title, he may recover judgment therein for such
sums as are due him, or which he might recover in an action on a contract,
against any party to the action."

Section 3399 of the Code provides that:

"A mechanic's lien on real property may be enforced against such property,
and against a person liable for the debt upon which the lien is founded, by an
action, by the lienor, his assignee or legal representative, in a court which has
jurisdiction in an action founded on a contract for a sum of money equivalent
to the amount of such debt."

These two sections have given rise to considerable discussion;
but, to base a personal judgment against any defendant, the com-
plaint must allege the facts which establish the liability of the de-
fendant against whom such a judgment is asked, and personal judg-
ment must be demanded against such defendant. In an action upon
contract to recover the amount of these goods sold and delivered to
the defendant Hutkoff, he would be entitled, under the Constitution,
to a trial by a jury. Assuming from these provisions of the Code that
a plaintiff may unite in an action to foreclose a mechanic's lien, a
demand against the person liable for the materials furnished, and if
upon the trial he fails to establish the validity of his lien he may
then proceed against the persons liable for the material furnished as
upon a contract, in this case there is no allegation in the complaint of
any contract with the defendant Hutkoff; nor is there any demand
made for a personal judgment against Hutkoff. The plaintiff's right
to enforce the lien depended upon the allegation of the complaint
that there was an amount due from the owner of the premises to
Berwick, to whom the plaintiff had delivered the materials specified
in the notice of lien, and that allegation was shown to be untrue.
The plaintiff's entire cause of action as alleged fails, and with no
allegation of any contract with Hutkoff, or any liability of Hutkoff
to the plaintiff, the court below had no authority to proceed to give
a personal judgment against Hutkoff.

The objection to the testimony of the contract between Hutkoff

and the plaintiff, by which Hutkoff was sought to be made liable, upon the ground that it was not competent under the pleadings, was seasonably taken; and at the close of the plaintiff's case the defendant moved to dismiss the complaint, upon the ground that the plaintiff had not established the existence of any valid lien, had not proved the cause of action set up in the complaint, and had adduced nothing but evidence bearing upon a cause of action which is not pleaded, and not the cause of action alleged in the complaint; and this motion was denied, to which the defendant excepted.

This motion should have been granted, the court having no authority under the allegations of this complaint, no valid lien having been established, and there being no money due to Berwick, with whom the plaintiff had contracted, and to whom the plaintiff had delivered the materials, from the owner of the property, to proceed and give a personal judgment against Hutkoff, upon the evidence of a contract with Hutkoff which was not pleaded, and upon which no demand for judgment was made.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur.   VAN BRUNT, P. J., and O'BRIEN, J., concur in result.