McDONALD v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.    May 25, 1906.)

1. APPEAL—DECISION OF APPELLATE COURT—EFFECT.

Where, on appeal to the Court of Appeals, it was held that the verification of a mechanic's lien, which was attacked on the ground that it was made by an agent instead of the claimant in person, was sufficient, the verification was not subject to objection on a retrial of the case, on the ground that it was further defective in that it recited that the statements therein contained were true to the affiant's "knowledge or information and belief."

2. MUNICIPAL CORPORATIONS—LIENS—ENFORCEMENT—JUDGMENT AGAINST CONTRACTOR.

Where, in a suit by a subcontractor to enforce a lien for a part of the work done in completing a municipal improvement contract, the complaint demanded judgment establishing plaintiff's claim against the contractor for a specified balance and interest, and the contractor had notice that a personal judgment was the only judgment that could be recovered by plaintiff against him, he was sufficiently notified that plaintiff was seeking and would demand such judgment, though the complaint did not contain such a demand in terms.

3. SAME—JURISDICTION—FORECLOSURE.

Where a municipal lien had not been discharged when an action was brought by a subcontractor to foreclose the same, the court in such action, after the lien had been discharged, had jurisdiction to proceed to render a personal judgment in favor of plaintiff against the contractor.

4. SAME—BONDS—LIABILITY OF SURETIES.

Under Consolidation Act, Laws 1882, p. 441, c. 410, § 1836, as amended by Laws 1895, p. 1302, c. 605, requiring as a condition precedent to the discharge of a lien on funds due a contractor for public works that the contractor should file a bond to pay the amount due on the claim on which the lien was filed, a recovery could be had on such bond without the establishment of the claimant's right to a lien, or a showing that any· thing was due and owing from the municipal corporation to the contractor.

5. SAME—STATUTES—REPEAL.

Consolidation Act, Laws 1882, p. 441, c. 410, § 1836, with reference to foreclosure of liens against funds due public contractors, having been repealed by Laws 1899, p. 359, c. 195, which took effect prior to the trial of an action by a subcontractor to foreclose such lien, such action was then governed by Code Civ. Proc. § 3412, relating to mechanics' liens, providing that, if the lienor shall fail to establish a valid lien, he may recover judgment for the amount due, or which he might recover in an action on a contract against any party to the action.

Appeal from Special Term, New York County.

Action by John B. McDonald against the mayor, aldermen, and commonalty of the city of New York and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed as to defendant Collins, and a new trial granted, with costs to plaintiff to abide the event, and affirmed, with costs, as to defendant Moran.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

James F. Donnelly, for appellant.
James Kearney, for respondent Moran.
Joseph Ullman, for respondent Collins.

LAUGHLIN, J.   This action was brought to foreclose a municipal lien.   The respondent Collins entered into a contract with the city of

New York on the 29th day of July, 1895, to regulate and grade Jerome avenue, and on the 29th day of December thereafter he sublet the work of furnishing material for the filling to the plaintiff. The plaintiff, pursuant to the provisions of the consolidation act, so called (sections 1824–1838, pp. 439–441, c. 410, Laws 1882), filed the lien on the 6th day of March, 1897, for a balance alleged to be due under the subcontract. Upon a former trial the complaint was dismissed upon the grounds (1) that the lien was void owing to the fact that it was verified, not by the party, but by his agent, and (2) that in the absence of a valid lien a personal judgment could not be secured in the action for the amount due and owing. McDonald v. Mayor, etc., 29 Misc. Rep. 504, 62 N. Y. Supp. 72. This court affirmed the judgment on the same ground (58 App. Div. 73, 68 N. Y. Supp. 462), but the Court of Appeals reversed on the first ground without considering the other (170 N. Y. 409, 63 N. E. 437). On the last trial the evidence taken on the former trial was read by consent without calling the witnesses, and the only additional testimony was that of the respondent Moran. After the case was submitted, the learned justice presiding handed down an opinion sustaining the lien and the right of the plaintiff to recover; but, before a formal decision was signed, the respondents applied to the court for leave to present additional testimony, which was granted. The testimony presented pursuant to such leave showed that at the time the lien was filed there was nothing due the contractor from the city, and that nothing thereafter fell due to which it could attach. The court thereupon decided that the plaintiff did not have a valid lien, and that since there was no demand for personal judgment against Collins, a personal judgment could not be decreed for the balance due and owing to the plaintiff.

The evidence fairly sustains the finding that there was no fund due and owing by the city to the principal contractor to which the lien could attach. It is still contended that the lien was not properly verified. The claim in this regard is somewhat different to that considered by the Court of Appeals on the former appeal. The statute requires the notice of lien to be verified by the "oath or affirmation of the claimant." The verification in the case at bar, aside from being a duly authorized agent, which the Court of Appeals held sufficient, is in form that the "statements therein contained are true to his knowledge or information and belief." It is evident that the Court of Appeals had this form of verification before it, and that the decision would have been sustained instead of reversed if that court had deemed the verification insufficient.

Subsequent to the commencement of the action, the lien was discharged on the application of the respondent Moran, on his giving an undertaking, as required by the statute, that Collins would pay to the claimant on demand the amount of any judgment that may be recovered "in an action upon the claim or demand specified in the notice of lien," not exceeding an amount specified; and the respondent Moran set that fact up in his answer as a defense to the foreclosure of the lien. The plaintiff continued the prosecution of the action, and the respondents continued to defend, without suggesting a change of

forum, although they had full knowledge of the fact that the fund had been released by discharge of the lien by order of the court, and that consequently the only recovery that could be had in the action, if plaintiff should succeed, was a personal judgment. Without amending the demand for relief, the plaintiff on the first trial demanded a personal judgment against Collins, and he consistently persisted in that demand on the appeal and on the new trial and ever since. Collins also demanded a personal judgment against the plaintiff on a counterclaim.

If a jury trial were desired by respondents, it should have been demanded. In these circumstances it is not very material whether the complaint, which was drawn and served before the lien was discharged, is susceptible of the construction that it gave notice to Collins that a personal judgment would be demanded against him. The complaint did demand judgment establishing plaintiff's claim against Collins for a specified balance and interest, but it did not expressly demand judgment against him therefor. He had notice that a personal judgment was the only judgment that could be recovered by the plaintiff against him. That was sufficient notice that the plaintiff was seeking and would demand such personal judgment. In this case we have a lien duly filed and valid in form. There was money due the subcontractor who filed it for material delivered in the performance of the work with the municipality, and there was also money due and to grow due from the city to the principal contractor. The plaintiff's right to reach the fund was defeated only by the assignment thereof by Collins to Moran before the lien was filed. The courts have, with a view to protecting defendants in their right to a jury trial, provided that a personal judgment may not be had in an action to foreclose a mechanic's lien when the validity of the lien is litigated, unless personal judgment is demanded, which would give the defendant notice and an opportunity to demand a jury trial in the event the lien should be declared invalid. Kane v. Hutkoff, 81 App. Div. 105, 81 N. Y. Supp. 85; Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173; Hawkins v. Mapes-Reeves Construction Co., 82 App. Div. 725, 81 N. Y. Supp. 794; Deane Steam Pump Co. v. Clark, 84 App. Div. 450, 82 N. Y. Supp. 902; Steuerwald v. Gill, 85 App. Div. 606, 83 N. Y. Supp. 396; Bradley & Currier Co., v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080; Ryan v. Train, 95 App. Div. 73, 88 N. Y. Supp. 441. See, also, Kerwan v. Hellman, 110 App. Div. 655, 97 N. Y. Supp. 55. It is to be borne in mind that this lien had not been discharged when the action to foreclose the same was commenced. The court, thus having acquired jurisdiction, could proceed and render such judgment as the facts warranted, even though an action to foreclose a municipal lien will not lie after the lien has been discharged. But it is claimed that the recovery of a personal judgment in an action to foreclose a municipal lien was not authorized. Aside from any other question, equitable relief, upon which plaintiff relied, which doubtless led him to refrain from demanding personal judgment, was rendered impossible on account of the discharge of the lien at the instance of one of the defendants pending the action. I fail to see why that fact

alone did not authorize the court to proceed with the action, and render personal judgment against Collins on bringing in the surety on the undertaking, proceed against both under the general jurisdiction in equity to retain the action, and grant such relief as a substitute for the equitable relief as the facts warranted. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Dammert v. Osborn, 140 N. Y. 30, 35 N. E. 407; Koehler v. N. Y. El. R. R. Co., 159 N. Y. 218–223, 53 N. E. 1114. Where a lien filed under the general lien law (chapter 342, p. 585, Laws 1885) was discharged by order of the court on the application of a party in interest and the giving of a bond, it was necessary to establish the validity of the lien before a recovery could be had on the bond, which, unlike that given under the consolidation act, was conditioned for "the payment of any judgment that might be recovered against the property"; but the sureties could be brought into the foreclosure action, Ringle v. Matthiessen, 10 App. Div. 277, 41 N. Y. Supp. 962; affirmed in 158 N. Y. 740; 53 N. E. 1131; Murton v. Tucker, 145 N. Y. 244, 48 N. E. 3; Mertz v. Press, 99 N. Y. 443, 91 N. Y. Supp. 264. The Legislature, however, saw fit to prescribe differently in the case of municipal liens, and, by analogy to the provisions inserted in contracts for public works, binding the contractors to pay employés, it required as a condition of a release of a fund against whicn a lien was filed that an undertaking be given to pay the amount found to be due on the claim under which the lien was filed, and a recovery could be had on such bond without establishing the validity of the lien, or showing that anything was due and owing from the city to the municipal contractor. Section 1836, Consol. Act, being chapter 410, p. 441, Laws 1882, as amended by chapter 605, Laws 1895; Pierson v. Jackman, 27 Misc. Rep. 425, 58 N. Y. Supp. 344, affirmed in 47 App. Div. 625, 62 N. Y. Supp. 1145. It seems to have been held that, as to liens filed under the consolidation act, as distinguished from the general lien law of 1885, which made provision therefor, and was succeeded by the Code, there could not be a personal judgment unless a valid lien was established. Scerbo v. Smith, 16 Misc. Rep. 1024, 38 N. Y. Supp. 570; Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173; Weyer v. Beach, 79 N. Y. 409. It is claimed that this case is removed from that doctrine by the fact that the consolidation act was repealed by chapter 195, p. 359, Laws 1899, which enactment took effect nine days before the first trial of this action, which was on April 10, 1899, and that this foreclosure must therefore be governed by the provisions of section 3412 of the Code of Civil Procedure. The only statute then remaining regulating the procedure in pending or future actions brought to enforce liens filed under the repealed provisions of law were the provisions of the Code of Civil Procedure, embracing, among other sections, 3403 and 3412, which had been enacted by chapter 419, p. 545, Laws 1897, and took effect on the 1st day of September, 1897. It was competent for the Legislature to make the provisions of the Code of Civil Procedure with respect to the recovery of a personal judgment in an action to foreclose a lien applicable to pending actions, since pending actions were not excepted from this operation; and, since the old statutes were

not retained as to pending actions, the governing rule of constructions requires that they be considered as applicable to pending actions as well as to actions subsequently brought. · Matter of Davis, 149 N. Y. 539, 44 N. E. 185. If a personal judgment could not be recovered in this action, I am unable to understand why the judgment dismissing the complaint was reversed by the Court of Appeals. The facts upon which the claim that no personal judgment can be recovered appeared on the former appeal quite as clearly as now. It is now well settled that in an action governed by section 3412 of the Code of Civil Procedure a personal judgment may be recovered, even though the lien fails. Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080. The defendant Moran did not recover on his counterclaim, but he had judgment dismissing the complaint, with costs, which was right.

It may be that the provisions of the consolidation act had been previously repealed by implication (see Terwilliger v. Wheeler, supra), but, if so, the only effect, so far as this action is concerned, was that the practice herein was regulated by the Code of Civil Procedure for a longer period than herein specified.

It follows that the judgment should be reversed as to defendant Collins, and a new trial granted, with costs to appellant to abide the event, and affirmed, with costs, as to the defendant Moran. All concur.