ZIDE et al. v. SCHEINBERG et al.

(Supreme Court, Appellate Term. January 8, 1909.)

1. MECHANICS' LIENS (§ 276*) — ACTION TO FORECLOSE — AMENDING PRAYER TO ASK FOR PERSONAL JUDGMENT.

Permitting plaintiff, by amendment at the trial, to add to the prayer for foreclosure of a mechanic's lien one for personal judgment, was within the power of the justice, under Municipal Court Act (Laws 1902, p. 1542, c. 580) § 166, as to amendments, and was not the substitution of a new cause of action, where the facts alleged supported an action ex contractu against the party sought to be held; such relief being incidental to the very action itself, under Code Civ. Proc. § 3412, providing that if, in an action to foreclose a mechanic's lien, the lienor fails to establish a lien, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract against any party to the action.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 276.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—AMENDMENT OF PLEADING—ADJOURNMENT.

The court will not be considered to have abused its discretion, under Municipal Court Act (Laws 1902, p. 1542, c. 580) § 166, in allowing at the trial, without granting an adjournment, an amendment of the prayer in a mechanic's lien case, so as to ask for a personal judgment; the only objection to the amendment having been on the formal ground of surprise, supported by no reason why the trial should not proceed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. EVIDENCE (§ 472*)—OPINIONS.

Questions calling for an estimate of value, based on the conclusion of the witness as to what plaintiffs should have done, thus involving the substitution of witness' judgment for that of the jury on the question of performance, were properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2186; Dec. Dig. § 472.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Isaac Zide and another against Abraham Scheinberg and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Morrison & Schiff, for appellants.

Henry M. Flateau, for respondents.

BISCHOFF, J. Alleging the performance of work, labor, and services for the defendants in and about premises owned by them, the plaintiffs brought this action for the foreclosure of a mechanic's lien, with no demand for personal judgment. There being no proof of ownership of the premises, the alleged lien could not be enforced as such (Code Civ. Proc. §§ 3399, 3408); but the court still had jurisdiction of the action for the purpose of rendering personal judgment against any defendant contractually liable to the alleged lienor, according to the express provision of the statute (Code Civ. Proc. § 3412).

Where the facts alleged do not support a cause of action ex contractu against the person sought to be held liable, personal judgment cannot be rendered under section 3412 (Kane v. Hutkoff, 81 App. Div. 105, 81 N. Y. Supp. 85); but the averments of the complaint in the present action were obviously sufficient, and a demand for personal judgment was all that the pleader omitted. To permit this addition to the prayer for judgment to be supplied by amendment at the trial was within the power of the justice (Municipal Court Act [Laws 1902, p. 1542, c. 580] § 166), and did not amount to the substitution of a new cause of action, since the relief was incidental to the very action itself, by the force of the statute. If the defendants were actually surprised and required an adjournment, ample opportunity to state the fact was given them, as appears from the record; but the only objection to the amendment was based upon the formal ground of surprise, supported by no reason why the trial should not proceed, and we cannot find reasonable ground for holding that there was an improper exercise of discretion.

So far as error is asserted in the exclusion of evidence offered by these defendants upon the issue of nonperformance tendered by their counterclaim, it appears that each question excluded was improper in form, because calling for an estimate of value, based upon the conclusion of the witness as to what the plaintiffs should have done, thus involving the substitution of the witness' judgment for that of the jury upon the question of performance.

The judgment should be affirmed, with costs. All concur.