JOHN B. McDONALD, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK et al., Respondents, Impleaded with Another.

170     409
e 75 AD 521

MECHANIC'S LIEN — AGENT OF CLAIMANT MAY VERIFY NOTICE OF LIEN. Under the provision of the General Lien Law (L. 1897, ch. 418, § 22), that such statute shall be construed liberally, a verification of a notice of mechanic's lien by an agent of the claimant stating "that he is the agent of the claimant * * * mentioned in the foregoing claim, and that the statements therein contained are true to his own knowledge or information and belief," is a sufficient compliance with the statute, since the act of the agent should be deemed to be that of the principal, and it was so contemplated by the legislature.

*McDonald* v. *Mayor, etc., of New York*, 58 App. Div. 73, reversed.

(Argued March 31, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered Feb-

ruary 23, 1901, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Dunn* for appellant. The verification of the lien in question was sufficient. (*Reeves* v. *Seitz,* 47 App. Div. 267; L. 1885, ch. 342; *Walcott* v. *Pond,* 19 Conn. 597; Potter's Dwarris on Stat. 203, 204, 231; *Weed* v. *Tucker,* 19 N. Y. 422; *People* v. *O'Brien,* 111 N. Y. 1; *Kealey* v. *Murray,* 40 N. Y. S. R. 23; *Moore* v. *McLaughlin.* 66 Hun, 133; *Jackson ex dem.* v. *Virgil,* 3 Johns. 540.)

*James Kearney* for Dennis W. Moran, respondent. The plaintiff's notice of lien, upon which the action is based, was not verified in accordance with the statute, under which plaintiff claimed a lien. (L. 1882, ch. 410, § 1825; *Conklin* v. *Wood,* 3 E. D. Smith, 662; *C. C. F. Co.* v. *Squier,* 2 Misc. Rep. 438; *Keogh* v. *Main,* 18 J. & S. 183; *Fogarty* v. *Wick,* 8 Daly, 166; *Childs* v. *Bostwick,* 12 Daly, 15.) .

*Joseph Ullman* for Charles W. Collins, respondent. The notice of lien was not properly verified and was a nullity. No lien was, therefore, acquired by the plaintiff. (L. 1882, ch. 410, § 1825; *Conklin* v. *Wood,* 3 E. D. Smith, 662; *C. C. F. Co.* v. *Squier,* 2 Misc. Rep. 483; *Childs* v. *Bostwick,* 12 Daly, 15; *Keogh* v. *Main,* 18 J. & S. 183.)

. HAIGHT, J. This action was brought to foreclose a mechanic's lien.

In July, 1895, the defendant Collins entered into a contract with the city of New York for regulating and grading Jerome avenue from Wolf place to One Hundred and Nineteenth street. Thereafter the plaintiff entered into a contract with Collins, by which he agreed to sell and deliver upon Jerome avenue forty thousand cubic yards of filling at the rate of twenty-five cents per cubic yard. Pursuant to this

agreement the plaintiff delivered to Collins a large amount of filling, amounting, as he claims, to the sum of $6,086.49. Collins, however, disputed this claim and refused to pay the same. The plaintiff thereupon, on the 6th day of March, 1897, filed a notice of lien upon the money due from the city to Collins upon his contract, which is sought to be foreclosed by this action. The notice of lien filed is in due form with the exception that it is verified by one Pierre W. Briggs instead of the plaintiff, who, being duly sworn, " deposes and says that he is the agent of John B. McDonald, the claimant mentioned in the foregoing claim, and that the statements therein contained are true to his own knowledge or information and belief." Upon the trial the complaint was dismissed upon the merits, the court holding that the lien was void for the reason that the notice was not verified by the claimant.

The statute under which the plaintiff undertook to acquire a lien was chapter 410 of the Laws of 1882, known as the Consolidation Act. Section 1825 of that act provides that " at any time before the whole work to be performed by the contractor for the city is completed or accepted by the city, and within thirty days after the same is so completed or accepted, any claimant may file with the head of the department or bureau having charge of said work, and with the comptroller, notices stating the residence of the claimant, verified *by his oath or affirmation*, stating the amount claimed," etc.

It appears to us that this statute should receive a liberal construction. Indeed the general lien law of the state provides that it shall " be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." (L. 1897, ch. 418, § 22.) A very large proportion of the business of the country is carried on by agents whose principals may have but a slight knowledge of the detail of the work and who may be absent in other parts of the world. Agents are generally recognized as possessing the

powers of their principals in the transaction of their business and in the preservation of their properties and rights. In construing the act in question, we think the act of the agent should be deemed to be that of the principal, and that it was so contemplated by the legislature. (*Gaskell* v. *Beard*, 58 Hun, 101.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur.

Judgment reversed, etc.