(75 App. Div. 518.)

### DAVIS v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. PLEADING—DEMURRER—GROUND OF OBJECTION.

     Code Civ. Proc. § 488, subd. 7, makes it a ground of demurrer to a complaint that causes of action have been improperly united. Section 490 provides that a demurrer under subdivision 7 must point out the defect relied on. *Held*, that a demurrer under such subdivision in the language of the statute is insufficient.

2. MECHANICS' LIENS — BANKRUPTCY — PLEADING—COMPLAINT—CAUSES OF ACTION.

     A complaint in a suit to enforce a mechanic's lien alleged that plaintiff, as a trustee in bankruptcy, had filed a lien for materials furnished by the bankrupts, and that the bankrupts themselves had filed a lien, and assigned their claim to plaintiff. *Held*, that the complaint was not obnoxious to a demurrer as an improper union of causes of action, there being but one cause of action.

3. SAME—SUIT BY TRUSTEE.

     Gen. Laws, c. 49, § 22, relative to mechanics' liens, provides that the statute shall be construed liberally, to secure the beneficial purposes thereof. A trustee of bankrupt building contractors, by order of the court, completed the contract. *Held*, that he had a right to file a lien and enforce it for the benefit of the bankrupts.

4. SAME—ASSIGNMENT TO TRUSTEE IN BANKRUPTCY.

     Building contractors who had become bankrupt while performing their contract were entitled to file a mechanic's lien, and assign it to the trustee in bankruptcy, that he might enforce it for them.

Appeal from special term, New York county.

Action by James J. Davis, as trustee in bankruptcy of Smith & Ryan, against the Fidelity & Deposit Company of Maryland and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John W. Boothby, for appellant.
Thomas C. Ennever, for respondent.

McLAUGHLIN, J. On the 18th of March, 1899, one Patrick Gallagher entered into a contract with the city of New York to build for it a school building, and, on the 28th of September following, Gallagher entered into a contract with Smith & Ryan, by which the latter, in consideration of $15,200, agreed to do certain work and furnish certain materials, as per Gallagher's contract with the city. Smith & Ryan performed all of the services and furnished all of the materials in accordance with their contract to January 9, 1901, when they were adjudged bankrupts, and the plaintiff was appointed temporary receiver, and thereafter trustee, of the bankrupts' estate, and as such, by order of the court, proceeded to and did carry out the terms of the contract. Before the completion of the school building, and on the 16th day of March, 1901, Smith & Ryan filed, pursuant to chapter 418 of the Laws of 1897, a notice of lien for labor performed and materials furnished said Gallagher in the erection of the building, and on the 18th of March, 1901, they assigned, by an instrument in writing properly executed, to this plaintiff, such lien. On the 26th of the same

month the plaintiff, as trustee in bankruptcy for Smith & Ryan, also filed, pursuant to chapter 418 of the Laws of 1897, a notice of lien,— that he had a claim under said contract with said Gallagher for labor performed and materials furnished. Subsequent to the filing of the notice of liens, Gallagher, together with the respondent, the Fidelity & Deposit Company of Maryland, entered into an undertaking whereby Gallagher and such company jointly and severally undertook and agreed with the city to pay any judgment which might be recovered in any action to enforce said lien, not exceeding an amount specified therein. Thereafter this action was brought by the trustee in bankruptcy of Smith & Ryan to foreclose such liens.

The complaint set forth the foregoing facts, and designated them two separate causes of action; the first cause of action being based upon the lien filed by Smith & Ryan, and the other one on the lien filed by the plaintiff as their trustee. Gallagher and the Fidelity & Deposit Company demurred to the complaint upon two grounds: (1) Because two causes of action were improperly united; and (2) that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained as to the Fidelity & Deposit Company, but overruled as to Gallagher, and from the interlocutory judgment sustaining the demurrer as to the Fidelity & Deposit Company the plaintiff has appealed.

The demurrer of the Fidelity & Deposit Company that two causes of action were improperly united was not well taken. The demurrer itself was defective, and did not enable the Fidelity Company to present that question. It did not point out specifically the particular defect relied upon, but only stated the objection in the words of the seventh subdivision of section 488 of the Code of Civil Procedure. Section 490 expressly provides that a demurrer taken under this subdivision of section 488 must point out specifically the particular defect relied upon, and it has been held that to simply state the objection in the words of the statute is not sufficient. Dodge v. Colby, 108 N. Y. 445, 15 N. E. 703; Mitchell v. Thorne, 134 N. Y. 539, 32 N. E. 10, 30 Am. St. Rep. 699; Anderton v. Wolf, 41 Hun, 571. When a pleading is attacked for this reason, the defect must be stated, in order that the opposing party may, if he can, correct the same. But had the alleged defect been specifically stated, it would have been unavailing, for the reason that only one cause of action is stated in the complaint, upon which a recovery is asked. It is true, the facts in the complaint are set out in two different ways, and are termed separate causes of action, but the calling of them does not make them so. It is clear from all the facts stated, and from the judgment demanded on such facts, but one cause of action is stated, upon which but one recovery is asked or can be had. A recovery on one prevents a recovery on the other. If the lien filed by Smith & Ryan and assigned to the plaintiff is adjudged to be valid, then judgment is asked to that effect. If, on the other hand, that lien is held to be invalid, then judgment is asked on the lien filed by the plaintiff as their trustee; both being for the same amount, and covering substantially the same work.

Nor is there any force to the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action

against the Fidelity & Deposit Company. Smith & Ryan performed their contract with Gallagher up to the time the plaintiff was appointed receiver and trustee in bankruptcy, and thereafter, as such receiver and trustee, by order of the court, he completed the contract. When he was appointed, by operation of law he stepped into the shoes of Smith & Ryan, and was their representative for every purpose, so far as the contract was concerned, and the enforcement of any claim that might be made under it. He had just as much right to file a lien and enforce it as Smith & Ryan would have had, had the plaintiff not been appointed their trustee. The statute under which the lien was filed provides that it shall "be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be held sufficient for the validity of a lien, and to give jurisdiction to the courts to enforce the same." Gen. Laws, c. 49, § 22. In McDonald v. City of New York, 170 N. Y. 409, 63 N. E. 437, under a statute which provided that a claimant might, under certain conditions, acquire a lien by filing a notice and verifying the same by "his oath of affirmation," it was held that it was a sufficient compliance, under the lien law, that the notice was verified by an agent of the claimant. It must therefore be held that the plaintiff, as trustee of Smith & Ryan, acquired a valid lien upon the moneys due from the city to Gallagher. The plaintiff had a right to file the lien and enforce the same for the benefit of Smith & Ryan and their creditors. We are also of the opinion that Smith & Ryan could take whatever steps were necessary for the purpose of enabling the plaintiff to enforce whatever claim he had as their trustee under the contract, and for that purpose could file a notice of lien, and assign the same to the plaintiff, to the end that he might enforce the same.

It follows, therefore, that the judgment appealed from must be reversed, and the defendant permitted to withdraw its demurrer, and answer, on payment of the costs in this court and in the court below. All concur.