(74 App. Div. 561.)

### MULL v. CURTICE BROS. CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. SERVANTS—PERSONAL INJURIES—ASSUMPTION OF RISK.
   Three months before her injury plaintiff noticed a defect in the machinery with which she worked, and called the foreman's attention to it, and he directed her to have the machinist repair. When this person was told to do so he said he would fix it when he had the time, and plaintiff continued at her work. *Held*, that she assumed the risk as a matter of law.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Plaintiff was employed to clean a meat-cutting machine, it being her duty to clean the cutting part of the machine when outside the hopper, but not to put the machine together again. She knew that the belting which operated the machine was so defective that it often slipped from one pulley to another, and unexpectedly set the machine in motion. She put her hand inside the machine to adjust some of the parts, though it was not necessary to do so, and the act was no part of her duty, and the machine started and she was injured. *Held*, that she was guilty of contributory negligence as a matter of law.

Appeal from trial term, Monroe county.

Action by Mary Mull against Curtice Bros. Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The plaintiff brings this action to recover damages for personal injuries sustained by her while engaged in cleaning a meat-cutting machine at the defendant's canning factory, she at the time of the accident being in the employ of the defendant. The machine in question was one of several similar machines in operation at the defendant's factory, and its construction was quite simple, and not unlike an ordinary sausage-grinding machine. It was operated by means of a belt which extended from pulleys upon the machine to other pulleys attached to shafting near the ceiling. There was both a tight and a loose pulley attached to the machine, and the belt was shifted from one to the other by means of a lever known as a "belt-shifter." These cutting machines were taken apart and cleaned each afternoon after the cutting or grinding for the day had ceased, and

on Saturdays they were cleaned with Sapolio and polished. It was a part of the plaintiff's duty to clean and polish the machines, and it was while engaged in the performance of this duty that the injury occurred of which she complains. It seems that the plaintiff had taken the machine apart for the purpose of cleansing and polishing it while, as she says, the belt was running upon the loose pulley, and while attempting to push out the screw which carried the meat from the hopper to the knife her left hand was caught by the screw, and before she could extricate it her fingers were cut or torn off. The evidence tended to show that the shifting of the belting from the loose to the tight pulley was caused by some defect in the belting; that in consequence thereof the machine was set into operation; and that this would not have happened had the belting remained upon the loose pulley where it was when the plaintiff commenced cleaning the machine. At the close of the plaintiff's case a motion for a nonsuit was granted, and from the judgment entered thereon this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles Roe, for appellant.
C. D. Kiehel, for respondent.

ADAMS, P. J. We think the decision of the trial court must be sustained upon at least two grounds, and in reaching this conclusion we assume that there was sufficient evidence to warrant a jury in finding that the plaintiff's contention that the belting which operated the machine in question was so defective as to admit of its shifting itself from one pulley to the other was well founded. This defect, however, was a perfectly obvious one, and one which had existed for a long period of time. The plaintiff herself testified that for at least three months prior to the accident the shifter failed to hold the belt in position, and that some four weeks prior to the accident she called the attention of the foreman to the manner in which the machine operated; that the foreman directed her to have the machinist repair the defect; and that the latter, after looking the machine over, said he had not time to fix it then, but would do so when he could find the time. In these circumstances we think it must be held that the plaintiff assumed whatever risk attended the operation of the machine with the belting in the defective condition she described; for, as we have seen, with full knowledge of such defect and of the defendant's failure to remedy the same, she continued to operate the machine regardless of the danger which threatened her; and, if this be so, there is nothing in the factory act which relieves the plaintiff from the consequences of her own voluntary act; for, as has been well said in a recent case, "there is no reason in principle or authority why an employé should not be allowed to assume the obvious risks of the business as well under the factory act as otherwise." Knisley v. Pratt, 148 N. Y. 372, 379, 42 N. E. 986, 987, 32 L. R. A. 367.

But, if there were any doubt as to the correctness of this proposition, we think it entirely clear that the plaintiff's injury was attributable, in part at least, to her own negligence. As has been stated, she had been engaged in cleaning the machine at the time of the accident, to accomplish which she had taken it apart, and then, for some reason which does not clearly appear, she attempted to readjust the various parts, although Ludwig, her principal witness, testified that this was

no part of her duty, but that it was his business to put the machines together after they had been cleaned. This witness also testified that for the purpose of washing the outside of the machine it was not necessary to place the screw or pin in position, and that he never put his hand in the hopper while readjusting the various parts of the machine. It seems, however, that the plaintiff, after replacing the screw, attempted to pull it out, and, finding that it did not yield readily to her exertions, put her left hand into the hopper to push it out, when, as she says, "the machine started to run," and her fingers were caught. There seems to be no question but that the belt was upon the loose pulley while the plaintiff was engaged in cleaning the machine; but the plaintiff insists that the screw did not revolve until she attempted to push it out in the manner above indicated, and the witness Smith testified that when he came to the plaintiff's assistance he found the belt running upon both pulleys, meaning doubtless that it was partly upon the tight pulley. We therefore have this condition of affairs established by evidence which is practically uncontroverted: The plaintiff was engaged in the performance of work which was not within the line of her duty, in attempting to accomplish which she placed her hand in the hopper of the machine, knowing that if the belt which was then upon the loose pulley should shift itself onto the tight pulley, as it had frequently done before, the screw or knife would revolve with sufficient force and rapidity to cause the injury of which she complains. She testified, it is true, that she had never known the belt to thus shift when the machine was apart, but this circumstance does not, in our opinion, relieve her from the charge of contributory negligence; for, although some parts of the machine had not been replaced, the screw was in its proper position, and she would have us understand that it was because of the force she exerted in her attempt to push it out of position that it was set in motion. We do not quite perceive the reason for this contention, but, in any view that may be taken of the case, it is difficult to resist the conclusion that the plaintiff's injuries were due quite as much to her own negligence as to that of the defendant's; and, such being the case, it follows, of course, that she cannot recover. Schultz v. Rohe, 149 N. Y. 132, 43 N. E. 420; Hartwig v. Leather Co., 118 N. Y. 664, 23 N. E. 24.

Judgment affirmed, with costs. All concur.