---

### HELD v. BURKE et al.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

**1. MECHANICS' LIEN—NOTICE—AMOUNT CLAIMED.**

Only $850 is claimed by a notice of lien stating: "The amount claimed is * * * $925 and due to claimant on * * *, which is the amount of claimant's demand after deducting all just debts and offsets, except the sum of $75."

**2. SAME—RIGHT OF TRUSTEE IN BANKRUPTCY.**

One's right to file a notice of and enforce a mechanic's lien passes to his trustee in bankruptcy.

**3. BOND—AMOUNT OF SURETY'S LIABILITY—COSTS.**

Under a bond providing that the surety will pay any judgment which may be recovered in an action to enforce a mechanic's lien, not exceeding $1,100, the recovery being less than $1,100, the surety is also liable for costs, though they bring the total to over $1,100.

Appeal from Special Term, New York County.

Action by Henry Held against Luke A. Burke and others. From a judgment for plaintiff on a decision after trial at special term, defendants Burke and the National Surety Company appeal. Modified.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William F. Kimber, for appellant Burke.

Paul M. Goodrich, for appellant National Surety Co.

Ira Leo Bamberger and S. S. Myers, for respondent.

McLAUGHLIN, J. The defendant Burke entered into a contract with the city of New York for the erection of a public school building, and thereafter sublet a portion of such contract to William M. Dean & Co. The work to be performed and the materials to be furnished by William M. Dean & Co. were stated in a letter to Burke as follows:

"We will make and deliver to school No. 175, borough of Bronx, the platform and desk and all cabinetwork in connection therewith for $925. This price includes the filling with best quality of Wheeler's or other approved best wood filler. * * *"

This proposition was accepted by Burke in a letter in which he stated:

"I accept your proposal of the 23rd inst. to furnish the platform and desk for P. S. No. 175, 184th street and Jerome avenue, borough Bronx, for the sum of $925, including the painting."

Dean & Co. did certain work and furnished certain materials. Subsequently it was adjudged a bankrupt, and one Fenwick B. Small appointed its trustee. Burke having neglected to pay Small, as such trustee, he filed a notice of lien, which was released by Burke giving an undertaking, with the National Surety Company as surety, and this action was brought to foreclose the lien. Small had a judgment against Burke, the National Surety Company, and the city of New York for the amount claimed, together with interest thereon, which, with the costs in the action, amounted to $1,223.73, from which the surety company and Burke have appealed.

It is urged that there could not be a recovery, in any event, in excess of $850; and this contention is based upon the wording of the notice of lien filed, which is as follows:

"The amount claimed is the sum of $925 and due to claimant on the 12th of June, 1901, * * * which is the amount of claimant's demand after deducting all just debts and offsets, except the sum of $75."

In other words, what is claimed is that the $75 here mentioned should be deducted from the $925. The trial court held otherwise, and in this we think he erred. The amount claimed is $925, "except the sum of $75"; and, if any meaning whatever is to be accorded to the words quoted, then, clearly, $75 is to be deducted.

It is also claimed that Dean & Co. did not complete its contract, in that it did not furnish a music board, two pair of oak doors, and two transom sashes over the doors, and one or two other small items, which it is claimed were called for by the contract, under the

agreement to furnish the platform and desk, and "all cabinetwork in connection therewith"; in other words, that the doors, music board, etc., were included in the phrase just quoted. We cannot agree to this contention. The doors referred to led from the assembly room, in which the platform and desk were placed, into the corridor or hall adjoining, and the transom frames were to be placed over these doors. The music board was entirely separate and distinct from the platform and desk, as were the other items which it was claimed Dean & Co. should have furnished. The words "all cabinetwork in connection therewith" referred to the platform and desk, and not to anything else. This was the conclusion reached by the trial court, and a fair construction of the contract itself justifies the conclusion. Dean & Co., having performed its part of the contract, could have filed a notice of lien upon the amount due to Burke from the city; and, when a trustee in bankruptcy was appointed, he, by operation of law, occupied precisely the same position that it would have occupied, had it not been adjudged a bankrupt. The trustee was the representative of Dean & Co. for every purpose, so far as the contract was concerned, and an enforcement of any claim that might be made under it. He had just as much right to file a notice of lien, and enforce it, as Dean & Co. would have had if a trustee had not been appointed. The statute under which the lien was filed provides that it shall be construed liberally, to secure the beneficial interests and purposes of it. A substantial compliance with its several provisions is sufficient for the validity of a lien, and to give jurisdiction to the courts to enforce it. Davis v. Fidelity & Deposit Co., 75 App. Div. 518, 78 N. Y. Supp. 336; McDonald v. The Mayor, 170 N. Y. 409, 63 N. E. 437. In the Davis Case this precise point was passed upon; and in the McDonald Case, under a statute which provided that a claimant might, under certain conditions, acquire a lien by filing a notice, and verifying the same by "his oath or affirmation," it was held that it was a sufficient compliance, under the statute, that the notice was verified by an agent.

It is also suggested by the surety company that the judgment, so far as it is concerned, is erroneous, inasmuch as its liability under the undertaking was limited to $1,100. The undertaking provides that the surety company will pay to the city "any judgment which may be recovered in an action to enforce the aforesaid lien, not exceeding the sum of $1,100." The recovery here referred to is exclusive of costs. A specified amount was stated in the notice of lien, to which the claimant was entitled, and for which a lien was claimed; and it was to extinguish that claim, so far as the particular fund was concerned, that the undertaking was given. The amount recovered was less than $1,100, and the fact that the costs—that is, the expenses of the litigation—made the total judgment in excess of $1,100 cannot be held to relieve the surety. If it could, all the surety would have to do, to be relieved, or to render nugatory its undertaking, would be to litigate long enough, so that the costs and the amount recovered would exceed the amount specified in the undertaking.

The judgment appealed from, therefore, must be modified, so far as the surety company is concerned, by deducting from the amount

recovered as damages the sum of $75, and the interest on such sum included in the judgment, and, as thus modified, should be affirmed, without costs to either party; and as to the defendant Burke—he being obligated to pay the contract price, irrespective of the notice of lien—the judgment should be affirmed, with costs.   All concur.