### SITTS v. WAIONTHA KNITTING CO., Limited.

(Supreme Court, Appellate Division, Fourth Department.   May 3, 1904.)

1. MASTER AND SERVANT—INJURY—ASSUMPTION OF RISK.
   Risks in the operation of machinery, arising from or augmented by failure to comply with the Labor Law (Laws 1897, p. 480, c. 415, § 81), requiring all machinery to be properly guarded, may be assumed by an employé, so as to discharge the employer from liability.

2. SAME—CAPACITY OF INFANT.
   A bright and intelligent girl between 15 and 16 years of age, who appreciated fully the character of the mangle machine at which she worked, and the dangers of its operation, was qualified to assume the risk of injury therefrom, though an infant.

3. SAME—LEGALITY OF EMPLOYMENT—BURDEN OF PROOF.
   Where a child between the ages of 14 and 16 was employed in a factory, the burden was on her, in an action for her injury, to show that she had not filed in the employer's office a certificate executed by a health officer, as required by the Labor Law (Laws 1897, p. 477, c. 415, § 70), before she could invoke the rule that by reason of illegality of employment she was incapable of assuming the risk of injury.

---

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 545.

4. SAME—THEORY OF TRIAL.

> Where, in an action for injuries to a child between 15 and 16 years of age, employed in a factory, there was no reference in the pleadings or on trial to illegality in the employment under the labor law, except a request to go to the jury on the question whether the employment of a child under 16 was such as to render defendant liable, the case was brought and tried on the theory that the employment was legal.

Appeal from Trial Term, Herkimer County.

Action by Edith Sitts, an infant, by Nelson J. Sitts, guardian ad litem, against the Waiontha Knitting Company, Limited. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Charles E. Snyder, for appellant.
Charles D. Thomas, for respondent.

HISCOCK, J. Plaintiff brings this action to recover damages for serious injuries to her arm and hand, claimed to have resulted from the negligence of the defendant, in whose employ she was. She was caught between the rollers of a large mangle which she was operating, and there were presented upon the trial the usual questions of defendant's negligence, the plaintiff's contributory negligence, and assumption of risks. Upon this appeal a somewhat unusual phase has been given to those familiar questions through the reliance by plaintiff's counsel upon the provisions of the labor law, as establishing in favor of his client a more liberal rule in their resolution than would otherwise apply. We think, however, that plaintiff has not by her evidence brought herself within the beneficial provisions of said statute, and that, judged by the rules ordinarily controlling, she has failed to establish a cause of action against the defendant, and that therefore the judgment appealed from must be affirmed.

The defendant was a corporation engaged in the business of manufacturing knit goods. In its business it employed the mangle machine in question, which consisted of a system of rollers revolving about a steam-heated cylinder. This cylinder was five feet six inches long, a trifle over a foot in diameter, and its center was three feet from the floor. Located parallel with it were three large revolving rollers and one smaller. One of the large rollers was above the heated cylinder and one upon each side, and a smaller or doffer roller was upon what was known as the back side of the machine and below one of the large rollers. The distance from the floor to the crest of the top roller, which was the summit of the machine, was 4 feet 11 inches. In a general way garments were put into this machine at the front or receiving side, and passed through the system of rollers to the rear or discharging side, where they were taken by the operator and folded and packed. At the time of the accident plaintiff was at work at the rear or discharging side of the machine. Under the rollers was a table about two feet eight inches wide, where plaintiff received garments from the machine and folded them, etc. There was a guard in front of the rollers upon the front or feeding side of the machine, but none upon the back or discharging side. Without going into the details of the

movements of the different rollers, it is sufficient to say that, whereas their movement upon the front side was such as to draw the garments in between them and pass them along, their movement upon the back side, and in the neighborhood where plaintiff's hands were employed, was such as to draw articles out from between the rollers and not draw them in. When injured, plaintiff was between 15 and 16 years of age, and had worked at the machine eight days and a half. Having become faint in the course of her work, she went to a window to revive, then came back and again became faint and dizzy—"things turned black" —and in some manner, which is not clearly disclosed, her left hand was caught beneath the large roller upon the back of the machine, and turned on to the cylinder and injured. The machine was manufactured by standard makers, and, so far as appears, was of a pattern in general use. Plaintiff was a bright, intelligent girl who had been to school more or less, and understood the method of operating the machine, the danger of getting her hand caught, and the method of doing her work. In discharging her duties she could either sit or stand at the table already mentioned.

Independent of the provisions of the labor law invoked for the benefit of the plaintiff, and which we shall hereafter consider, we have considerable doubt whether plaintiff established any negligence upon the part of the defendant with respect to this machine, and which is the only theory at all tenable. There is no suggestion that the machine was out of order, or, unless it be in the matter of guards, improper or unsafe, either in its construction or method of operation. Defendant purchased it from reputable makers, and it had the indorsement of general usage. The Labor Law (Laws 1897, p. 480, c. 415, § 81) provides:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description, shall be properly guarded."

As was said by the Court of Appeals in Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 56 N. E. 897:

"What evidently was intended [by this act] was that those parts of the machinery which were dangerous to the servant whose duty required them to work in its immediate vicinity should be properly guarded, so as to minimize, as far as practicable, the dangers attending their labors. Human foresight is limited, and masters are not called upon to guard against every possible danger. They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen."

Under this rule it would seem to be doubtful whether defendant was called upon to guard plaintiff from this machine by means of protective appliances in front of the rollers. Her duty simply called upon her to take the garments when and after they were discharged from the machine. The movement of the rollers at that point was necessarily such as to push her hands away rather than to draw them in. There was nothing which, in the ordinary, proper, legitimate discharge of her duties, called upon her to put her hands in close proximity to rollers which might draw them in and injure them. She had been fully instructed in, or, at least, by experience fully understood, her duties in this respect. It was only by some such unusual contingency as arose that she could receive injuries which perhaps might have been avoided

if a guard had been in front of some of the rollers. In the absence of more explicit testimony as to the manner in which her hands became injured, it is difficult to say that such injury would have been prevented even if the guard had been there. But, at any rate, it is questionable whether defendant, in the exercise of reasonable care and foresight, ought to have anticipated that plaintiff might suffer a catastrophe under the circumstances presented here, and have guarded against the same.

But, if it should be assumed that the jury would have been warranted in finding defendant negligent for not putting guards before the machine, we think that under the general prevailing rules it must be held that plaintiff assumed any risks incident to the form and condition of the machine and the method and manner of operating it. A perusal of all of the evidence upon this subject convinces us that the plaintiff was of sufficient age, intelligence, and experience to appreciate fully the character of the machine upon which she was working, the dangers incident to its operation, and, as fully as defendant the liability, through accident or otherwise, of her hand coming in contact with and being injured by the unguarded rollers. Buckley v. G. P. & R. M. Co., 113 N. Y. 540, 21 N. E. 717; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367; Mull v. Curtice Brothers Co., 74 App. Div. 561, 77 N. Y. Supp. 813; Koehler v. Syracuse Specialty Co., 12 App. Div. 50, 42 N. Y. Supp. 182, 1105. The foregoing, and many other cases which might be cited, fully establish the proposition that risks incident to the operation of machinery, arising from or augmented by the failure to comply with the labor law, may be assumed by an employé, so as to discharge from liability the employer. They also establish to our mind that plaintiff, under the circumstances in this case, although an infant, was qualified to assume such risk. Neither is there anything in the principles laid down in the case of Dowd v. N. Y., O. & W. R. R. Co., 170 N. Y. 459, 63 N. E. 541, as construed and interpreted by this court in the case of Ehenfried v. L. I. & S. Co., 89 App. Div. 135, 85 N. Y. Supp. 57, which prevents the defendant from invoking this defense. In fact, it does not seem to us to be seriously urged by plaintiff that she would not be subject to the defense of having assumed, as matter of law, any risks incident to the operation of the mangle as it was, except for the provisions of the labor law, and to the construction of which we now pass.

That law (chapter 415, Laws 1897, p. 477, § 70, etc.), amongst other things, provides that "a child under the age of fourteen years shall not be employed in any factory in this state. A child between the ages of fourteen and sixteen years shall not be so employed unless a certificate executed by a health officer be filed in the office of the employer"; that such certificate is to be issued by certain officials "upon the application of the child desiring such employment," and upon certain proof with reference to the age and place of birth of the child, and is not to be issued "unless the officer issuing the same is satisfied that such child is fourteen years of age or upwards and is physically able to perform the work which he intends to do." This statute was before the court for interpretation and construction in the case of Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. In that case plaintiff, who was an infant under the age of 14

years, was injured by having his fingers caught in the cog wheels of a printing press while he was cleaning the same. The action was predicated upon the theory of negligence, and we think that the decision in that case may fairly be regarded as authority for the propositions: First, that the effect of the labor law is to declare that a child under the age of 14 presumably does not possess the judgment, discretion, care, and caution necessary for the engagement in such a dangerous avocation as working upon machinery in a factory, and therefore is not, as a matter of law, chargeable with contributory negligence or with having assumed the risks of employment; and, second, that, in an action for injuries sustained by an infant employed in violation of the statute, such employment and such violation is in and of itself some evidence of negligence in a case where the accident could not have happened but for the employment.

We also think that the facts in the case at bar are sufficiently favorable to plaintiff in comparison with those disclosed in the Lehmaier Case, so that an employment by defendant of plaintiff, if in violation of the statute, would furnish sufficient evidence from which a jury could say that defendant was negligent, and that plaintiff had not assumed the risks of the machinery upon which she was at work. Proceeding upon this theory of the law, the learned counsel for the plaintiff insists that her employment was in violation of the statute; that the latter just as effectually prohibits the employment of a child 15 years of age as of one under 14 years, when the certificate mentioned has not been filed in the office of the employer; and that in this case, there being no evidence that such certificate ever had been executed or filed with the employer, the prohibition of the statute applies, and it was illegal for defendant to hire plaintiff and put her at work upon this machine. We shall assume that he is right that the employment in a factory of a child between the ages of 14 and 16 years is precisely upon the same plane as that of one under 14 years, unless a certificate has been obtained and filed. We shall agree with him in that contention. In this case there was no evidence indicating that the certificate had or had not been made and filed. The nonsuit was granted at the close of the plaintiff's case, so that none of defendant's witnesses were sworn, and those sworn upon the part of the plaintiff did not speak upon this subject. Upon that condition of the evidence, and under plaintiff's claim upon this appeal of the benefit of the statutory provisions mentioned, the question arises whether it was the duty of the plaintiff, as part of her case, to show that the certificate had not been filed, or for the defendant, as part of its case, to show that it had been filed; the question is whether, in the absence of any evidence at all, plaintiff is entitled to have us presume, under the pleadings and upon the evidence, that no certificate had been filed. After careful consideration, we have concluded that plaintiff is not entitled to invoke in her behalf the rules which would be applicable where a certificate had not been filed, in the absence of any evidence that such was the fact.

The statute changed rules and rights prevailing before its passage. It created an entirely new ground of liability. It was passed in the public interests, and for the salutary purpose of preserving young and inexperienced children from the dangers and risks to which the greed

of employers, or even parents, might expose them. Its provisions are doubtless to be liberally construed, as they already have been for the purpose of accomplishing the ends and benefits intended. We think, however, that, in order to secure the advantages and protection and increased rights thereby conferred, a plaintiff should bring himself fairly within the provisions of the statute as a whole; and that, when he relies upon the failure to file a proper certificate in the case of a child aged more than 14 years, it is not unreasonable to hold that the burden should rest upon him of showing that the certificate was not filed, rather than upon the person whom he seeks to charge of showing that it was so filed. The employment of a child of the age specified without the certificate in question constitutes a criminal offense, and the rule has become elementary that courts will not be forward in indulging presumptions which entail the conclusion of criminal guilt. In this case the plaintiff had peculiar knowledge whether the certificate had been made. It could not have been done without her knowledge. She was upon the witness stand. A single question by her counsel would have developed the violation of the law, if it in fact existed. And it seems to us more reasonable to hold that she should have so testified that the certificate had not been filed rather than that we should presume, in the absence of affirmative evidence that it had been filed, that the defendant had been guilty of a crime in illegally employing the plaintiff.

Aside from these reasons, we think that the complaint and the proceedings upon the trial compel the conclusion that the action proceeded upon the basis that plaintiff's employment was legal and proper, and not the reverse because of failure of this certificate. The complaint in substance, and amongst other things, alleges an employment by defendant of plaintiff as a laborer and helper working at the machine in question in its mill; that it became charged with certain obligations towards the plaintiff as such employé, setting them out in considerable detail; that it negligently and carelessly failed to discharge these various obligations and duties, and as a result thereof the plaintiff, without any fault or carelessness upon her part, was injured. The complaint is an ordinary one in negligence, and there is no suggestion anywhere of any increased or different liability upon the part of defendant than that which would arise in an ordinary case between employer and employed. It suggests a proper and legal contract by which the defendant secured from plaintiff her services and she secured from it certain obligations for her safety. There is nothing which outlines or brings to mind the idea of an attempted relationship between the parties which was in violation of the statute and which could not be the subject of a legal contract, as, of course, there could not be a legal hiring if the certificate were wanting.

And, likewise, in the proceedings of the trial, we discover nothing which adequately suggests the present theory of the plaintiff's counsel. In all of the discussion which took place at the close of plaintiff's case and upon the motion for a nonsuit, we find only one suggestion by plaintiff's counsel which could be imagined to relate to this subject. He made one request to go to the jury upon the question "whether the employment by the defendant of a child under sixteen

years of age was such an employment under the facts as shown in this case as to render the defendant liable." We think this, however, comes far from properly presenting the view now urged upon our attention. If counsel had been relying upon the labor law as construed by the Lehmaier Case, we feel quite confident that such theory would have been adequately and fully impressed upon the attention of the trial court by some request or argument which would now appear in the record before us. Therefore, as already intimated, we come to the conclusion that the action was brought and tried upon the theory that plaintiff had been properly employed by defendant, and that her rights in this action were not to be decided and gauged by the rules which would govern if defendant had placed her at work in violation of the statute and without the proper authority and certificate. For all these reasons, we think that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.