**In re TRANS WORLD AIRLINES, INC.**

**Bankruptcy No. 92–115.**

United States Bankruptcy Court,
D. Delaware.

May 3, 1995.

---

William H. Sudell, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for debtor.

Bruce Kennedy, Bruce Kennedy, P.C., Amityville, NY, for claimant.

HELEN S. BALICK, Chief Judge.

TWA has objected to claim number 12849 filed by Larry E. Tyree Co, Inc. and Tyree Environmental Services, Inc. TWA has filed a motion for summary judgment in support of that objection. This is the court's decision on TWA's motion in this core matter. 28 U.S.C. § 157(b)(2)(B).

## I. *Legal Standard*

On a motion for summary judgment, the court will view the record and the inferences therefrom in the light most favorable to the non-moving party. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987). If that record shows no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law, then summary judgment shall be granted. Fed. R.Bankr.P. 7056(c). Summary judgment shall be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). As shall be discussed below, TWA argues Tyree has failed to satisfy its burden as to three essential elements of its case.

## II. *Facts*

The parties filed a stipulation of facts to assist the court. The following facts are not in dispute.

On September 16, 1991, TWA entered into a written contract with Larry E. Tyree Co., Inc. (Tyree) identifying Tyree as the "contractor." Pursuant to the contract, in exchange for $305,800.00, Tyree agreed to provide labor and materials and perform services to remove existing fuel storage dispensing systems and to install replacement systems and monitoring devices at and around Building No. 296 at the John F. Kennedy International Airport, Jamaica, New York. Tyree commenced work on December 15, 1991. The premises where Tyree performed its work is owned by the City of New York. In 1947, the City of New York leased the premises to the Port Authority, which in turn subleased the premises to TWA in 1953.

TWA filed its Chapter 11 petition on January 31, 1992. Tyree completed its obligations under the 1991 contract. There is a dispute whether a portion of its work was performed post-petition; however, that dispute is not germane to TWA's motion for summary judgment.

Post-petition, Tyree mailed a notice of mechanic's lien for account of public improvement in the sum of $293,489.66. Tyree, and Tyree Environmental Services, Inc. filed a proof of claim (no. 12849) for the secured amount of $293,486.66. Tyree stipulates to reduce that claim to the secured amount of $254,283.58 to reflect monies received from TWA.

### III. *Discussion*

The sole dispute addressed by TWA's motion is whether the claim for $254,283.58 is secured or unsecured. Tyree argues its claim is secured, based upon sections two, five, and twelve of the New York Lien Law, which both parties agree applies here. Tyree argues that its claim is entitled to a public improvement lien under these sections.

Section two is a definitions section. The parties agree that Tyree is a "contractor." *See* New York Lien Law § 2(9) (McKinney 1993) (defining "contractor"). Section twelve prescribes the procedure for filing a notice of lien on account of public improvements.

Section five provides:

A *person* performing labor for or furnishing materials *to a contractor*, his subcontractor or legal representative, for the construction or demolition of a public improvement pursuant to a contract by such contractor *with the state or a public corporation,* ... *shall have a lien* for the principal and interest of the value or agreed price of such labor, including benefits and wage supplements due or payable for the benefit of any person performing labor, or materials *upon the moneys of the state or of such corporation* applicable to the construction or demolition of such improvement, to the extent of the amount due or to become due on such contract, ... upon filing a notice of lien as prescribed in this article.

New York Lien Law § 5 (emphasis added). TWA argues that Tyree fails to satisfy three of the requirements of this section, as suggested by the above-added emphasis.

 First, TWA argues that Tyree is not within the class of persons entitled to a lien under this section. Indeed, Tyree is the contractor, not "a person performing labor or furnishing materials to a contractor." In response, Tyree cites two cases it argues supports its right to a lien.[1] They do not. Contractors are not entitled to a public improvement lien pursuant to section five. *Anderson v. John L. Hayes Constr. Co., Inc.,* 243 N.Y. 140, 153 N.E. 28, 30 (1926).

 Second, TWA argues that the labor and materials must have been furnished pursuant to a contract with the state or a public corporation, and that here, the contract was with TWA. Tyree has failed to establish a genuine issue of fact that the contract was with a state or public corporation. TWA's argument is correct.

 Third, TWA argues that any lien under section five would only attach to "moneys of the state or of such [public] corporation." Tyree has failed to establish a genuine issue of fact that public funds were appropriated in connection with the 1991 contract. TWA's argument is correct.

### IV. *Conclusion*

Tyree's position on this motion for summary judgment is completely without merit. The motion for summary judgment is granted. An order in accordance with this letter opinion is attached.

### *ORDER*

AND NOW, May 3, 1995, for the reasons stated in the attached Letter Opinion, IT IS ORDERED THAT:

1. TWA's motion for summary judgment is **GRANTED.**

2. Claim No. 12849 is **REDUCED** to the amount of $254,283.58.

3. This claim, as reduced, is **RECLASSIFIED** as unsecured.

---

1. *Davis v. Fidelity and Deposit Co. of Maryland,* 75 A.D. 518, 78 N.Y.S. 336 (1902); *A & J Buyers,* *Inc. v. Johnson Drake & Piper, Inc.,* 25 N.Y.2d 265, 303 N.Y.S.2d 841, 250 N.E.2d 845 (1969).